IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| **LEONARDO CORREA FLORES,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | |
| **v.** | ) | **Case No. CIV-26-1943-R** |
| | ) | |
| **CHRIS GANTT, et al.,** | ) | |
| | ) | |
| **Respondents.** | ) | |

## REPORT AND RECOMMENDATION

Petitioner Leonardo Correa Flores, a citizen of Nicaragua proceeding *pro se*,[1] filed a petition for writ of habeas corpus under 28 U.S.C. § 2241 ("Petition") challenging his detention by the U.S. Immigration and Customs Enforcement ("ICE"). (Doc. 1).[2] United States District Judge David L. Russell referred the matter to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B), (C). (Doc. 4). The matter is at issue. As fully set forth below, the undersigned recommends that the Petition be **GRANTED in part** because Petitioner's detention without a bond hearing violates the Immigration and Nationality Act ("INA"). The Court should order an individualized bond

---

[1] A *pro se* litigant's pleadings are liberally construed "and held to a less stringent standard than formal pleadings drafted by lawyers." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991); *see Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). But the court cannot serve as Petitioner's advocate, creating arguments on his behalf. *See Yang v. Archuleta*, 525 F.3d 925, 927 n.1 (10th Cir. 2008).

[2] Citations to the parties' filings and attached exhibits will refer to this Court's CM/ECF pagination.

hearing before a neutral immigration judge within 7 days of the judgment in this matter, or else release him from custody.

## I. Factual Background

The relevant facts in this matter are:

- Petitioner is citizen of Nicaragua who entered the United States on or about December 11, 2022; he was subsequently granted humanitarian parole into the United States. (Doc. 9, at 1); *see Correa Flores v. Grant*, No. CIV-26-292-R, Doc. 9, at 3 (W.D. Okla. April 8, 2006), *report and recommendation adopted,* Doc. 10 (W.D. Okla. May 4, 2026).[3]

- Petitioner alleges he was detained by ICE on July 18, 2025. (Doc. 1, at 4).

- Petitioner was originally ordered removed on January 27, 2026, (*id.*), but on July 16, 2026, an immigration judge granted Petitioner's motion to reopen the case. (Doc. 9, at Ex. 1, at 1).

- Petitioner alleges, and Respondents do not contest, that he has not been provided with a bond hearing. (Doc. 1, at 6).

- Petitioner's immigration proceedings are ongoing, as his case was reopened on July 16, 2026. (Doc. 9, at Ex. 1, at 1). Thus, he is not subject to a final order of removal.

- Petitioner is detained at Cimarron Correctional Facility in Cushing, Oklahoma. (Doc. 1, at 1).

## II. Petitioner's Claims and Respondents' Responses

Petitioner makes the following claims in support of his Petition:

1. "Prolonged detention under *Zadvydas*." (Doc. 1, at 6).

[3] Petitioner's first habeas petition in this district was based on *Zadvydas*, and it was denied because detention had not yet exceeded six months. (Doc. 9, at 1). The first petition was decided before the immigration case was reopened, and the instant Petition was filed after the immigration case was reopened. (*Id.* at 2).

2. "Prolonged detention under § 1231 . . . in violation of [the] Fifth Amendment . . . [and in] violation of the Administrative Procedure Act." (*Id*.)

3. "Prolonged detention without a bond hearing in violation of the Fifth Amendment." (*Id.*)

4. "Prolonged detention without a custody review in violation of INA procedural due process." (*Id.* at 7).

As relief, Petitioner requests his immediate release from custody or, alternatively, a prompt custody review before a neutral decision maker.[4] (*Id*.)

Respondents contend that "Petitioner's claims based on *Zadvydas* and § 1231 should be dismissed because Petitioner's removal proceedings have been reopened, and therefore he is not being detained pursuant to 8 U.S.C. § 1231." (Doc. 9, at 2). However, Respondents concede that "to the extent Petitioner's request for a bond hearing is construed as being based on §§ 1225 and 1226, the matter is controlled by" the Tenth Circuit's recent decision in *Santillan Quiroz v. Mullin*, 180 F.4th 1226 (10th Cir. 2026). (*Id.* at 2-3). "Respondent requests that any order be limited to ordering Respondent to provide a bond hearing within seven days" and also be limited to Petitioner's statutory claim. (*Id.* at 3).

## III. Standard of Review

To obtain habeas corpus relief, Petitioner must show that he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). "Challenges to immigration detention are properly brought directly through habeas." *Soberanes v. Comfort*, 388 F.3d 1305, 1310 (10th Cir. 2004) (citing *Zadvydas v.*

---

[4] Petitioner also seeks other relief beyond his release or bond hearing, including injunctive relief, (Doc. 1, at 7), but the relief recommended is limited to what is described below.

*Davis*, 533 U.S. 678, 687-88 (2001)).

## IV. Under *Santillan Quiroz v. Mullin*, Petitioner Is Entitled to a Bond Hearing.

On June 30, 2026, the Tenth Circuit decided *Santillan Quiroz,* holding "that noncitizens who entered the United States and were thereafter detained in the interior of the country are usually subject to [8 U.S.C.] § 1226(a) (and thus eligible for bond), not [8 U.S.C.] § 1225(b)(2)(A)." 180 F.4th at 1237. This statutory interpretation is binding on this Court and applicable to Petitioner's factual circumstances, as Respondents concede.

Because Petitioner is subject to § 1226(a) and has not received a bond hearing, Petitioner has shown that he is in custody in violation of the laws of the United States, and he is entitled to habeas relief. 28 U.S.C. § 2241(c)(3). While Petitioner seeks immediate release, a bond hearing is the appropriate remedy. *Santillan Quiroz*, 180 F.4th at 1251 n.13.[5]

Because the undersigned recommends granting habeas relief on the basis of a violation of the INA, it is unnecessary to address Petitioner's other claims, including his due process claim, particularly as it would result in the same relief. *See, e.g., Velasquez*

[5] Under current BIA precedent, the non-citizen bears the burden of proving dangerousness or flight risk at a § 1226(a) bond hearing. *See Hernandez-Lara v. Lyons*, 10 F.4th 19, 27 (1st Cir. 2021). Judges in this District have either declined to decide whether due process requires shifting the burden to the government, *see Velazquez v. Johnson*, No. CIV-26-1111-J, 2026 WL 1999247, at *1 (W.D. Okla. July 10, 2026); *Karimov v. Grant*, No. CIV-26-639-J, 2026 WL 1493969, at *1 (W.D. Okla. May 28, 2026); *Rangel v. Mullin*, No. CIV-26-568-D, *Singh v. Figueroa*, No. CIV-26-600-R, or concluded that it does not. *See Adediran v. Figueroa*, No. CIV-26-801-J, *Pupo Socarras v. Figueroa*, No. CIV-26-0571-HE, 2026 WL 2100499, at *1 (W.D. Okla. July 21, 2026); *Toro v. Mullin*, CIV-26-315-JD, Doc. 19, at 18 (W.D. Okla. May 12, 2026).

*Salazar v. Dedos*, 806 F. Supp. 3d 1231, 1241 (D.N.M. 2025) ("Because this Court holds that § 1226 governs Petitioner's detention, the due process owed to Petitioner is that provided for in § 1226 — namely, an individualized bond hearing before an IJ.").

## V. Recommendation and Notice of Right to Object

For the reasons discussed above, the undersigned recommends that the Petition, (Doc. 1), be **GRANTED in part**. The undersigned recommends that the Court order Respondents to provide Petitioner an individualized bond hearing before a neutral immigration judge within 7 days of the judgment in this matter, or else release him from custody.

**The Court advises the parties of their right to object to this Report and Recommendation by September 30, 2026**, under 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(2).[6] The Court advises the parties that failure to make timely objection to this Report and Recommendation waives their right to appellate review of both factual and legal issues contained herein. *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

---

[6] Given the expedited nature of these proceedings, the undersigned has reduced the typical objection time to Report and Recommendations. *See* Fed. R. Civ. P. 72(b)(2) advisory committee's note to 1983 addition (noting that rule establishing 14-day response time "does not extend to habeas corpus petitions, which are covered by the specific rules relating to proceedings under Sections 2254 and 2255 of Title 28."); *see also Whitmore v. Parker,* 484 F. App'x 227, 231, 231 n.2 (10th Cir. 2012) ("The Rules Governing § 2254 Cases may be applied discretionarily to habeas petitions under § 2241" and that "while the Federal Rules of Civil Procedure may be applied in habeas proceedings, they need not be in every instance – particularly where strict application would undermine the habeas review process.").

This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge and terminates the referral unless and until the matter is re-referred.

**ENTERED** this 23rd day of September, 2026.

AMANDA L. MAXFIELD
UNITED STATES MAGISTRATE JUDGE